Mario Iskander, SBN #327025
ISKANDER LAW
1111 N. Brand Blvd Suite 308
Glendale CA 91202
Tel. (240) 439-1970
Email mario@iskanderlaw.com

Attorneys for Defendant, BETTER RISE CAPITAL LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| TIMOTHY RATCLIFF,<br><br>Plaintiff,<br><br>v.<br><br>BETTER RISE CAPITAL LLC, a California limited liability company, also doing business as RYZE FUNDING and BRC CAPITAL; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. ____________________<br><br>[Orange County Superior Court Case No. 30-2026-01596503-CU-NP-CJC]<br><br>**DEFENDANT BETTER RISE CAPITAL LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1331, 1367, 1441, and 1446 — Federal Question]<br><br>[Filed concurrently with Declaration of Mario Iskander; Civil Cover Sheet (CV-71); Corporate Disclosure Statement and Certification and Notice of Interested Parties]<br><br>Action Filed: September 10, 2026<br>FAC Filed: September 14, 2026<br>Trial Date: None set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF TIMOTHY RATCLIFF, IN PRO PER:**

PLEASE TAKE NOTICE that Defendant Better Rise Capital LLC ("Defendant" or "Better Rise") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of

California, Southern Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. As required by 28 U.S.C. § 1446(a), Defendant provides the following short and plain statement of the grounds for removal. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).

## I. THE STATE COURT ACTION

1. On September 10, 2026, Plaintiff Timothy Ratcliff ("Plaintiff"), proceeding in pro per, filed a complaint against Defendant in the Superior Court of California, County of Orange, entitled *Timothy Ratcliff v. Better Rise Capital LLC, et al.*, Case No. 30-2026-01596503-CU-NP-CJC (the "State Court Action"). The case is assigned for all purposes to the Honorable Shawn Nelson in Department C10 of the Central Justice Center.

2. On September 14, 2026, before any defendant had been served, Plaintiff filed a First Amended Complaint ("FAC") as of right. The FAC asserts four causes of action: (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii) (prerecorded calls to a cellular telephone); (2) violation of the TCPA, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) (National Do Not Call Registry); (3) violation of the TCPA, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d) (internal do-not-call procedures); and (4) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770(a)(22)(A). (FAC, Exhibit B.) Plaintiff seeks statutory damages of $90,000 under 47 U.S.C. § 227(b)(3) and (c)(5), additional per-call statutory damages, and injunctive relief. (*Id.*, Prayer ¶¶ 1–5.)

3. On September 18, 2026, Plaintiff caused the Summons, the FAC, and the other papers listed in Section VIII below to be personally served on Defendant by delivery to a person authorized to accept service at the office of Defendant's agent for service of process, 19200 Von Karman Avenue, Suite 600, Irvine, California. (Proof of Service of Summons, Exhibit D; Declaration of Mario Iskander ("Iskander Decl.") ¶ 3.)

4. On October 7, 2026, the Superior Court entered an order on the parties' stipulation granting Plaintiff leave to file a proposed Second Amended Complaint ("SAC"), directing Plaintiff to file and electronically serve it within three court days, and providing that Defendant shall respond within thirty days after electronic service of the filed SAC. (Stipulation for Leave to File

Second Amended Complaint; Order, Exhibit E.) As of the filing of this Notice, the Superior Court's Register of Actions does not reflect that the SAC has been filed, and Defendant has not been served with a filed SAC. (Iskander Decl. ¶¶ 5–6; Exhibit F.) The proposed SAC omits the CLRA claim and pleads three causes of action, each arising exclusively under the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and § 227(c)(5). (Exhibit E, Ex. 1.)

5. Defendant has not filed an answer, demurrer, or other responsive pleading in the State Court Action. A Case Management Conference is set for February 11, 2027. No other proceedings have been held. (Exhibit F.)

## II. REMOVAL IS TIMELY

6. A notice of removal must be filed within thirty days after the defendant's receipt, through formal service or otherwise, of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1). The thirty-day period is triggered by formal service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

7. Defendant was served with the Summons and FAC on September 18, 2026. (Exhibit D.) This Notice of Removal is filed within thirty days of that date and is therefore timely. 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a).

## III. THIS COURT HAS FEDERAL QUESTION JURISDICTION

8. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." The district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9. Whether a claim arises under federal law is determined by the well-pleaded complaint rule: federal jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

10. Plaintiff's first, second, and third causes of action are expressly brought under the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R. § 64.1200. (FAC ¶¶ 25–37.)

The FAC itself alleges that these claims arise "under the Telephone Consumer Protection Act, 47 U.S.C. 227." (FAC ¶ 7.) Private TCPA claims arise under federal law, and federal courts have federal-question jurisdiction over them under 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 376–77, 386–87 (2012). That state courts have concurrent jurisdiction over TCPA claims (FAC ¶ 7) does not defeat removal. *Id.* at 383–87.

11. The action is therefore one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and which Defendant may remove under 28 U.S.C. § 1441(a).

## IV. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE STATE-LAW CLAIM

12. The Court has supplemental jurisdiction over Plaintiff's fourth cause of action under the CLRA pursuant to 28 U.S.C. §§ 1367(a) and 1441(c). The CLRA claim is based on the same thirty prerecorded telephone calls that underlie Plaintiff's TCPA claims (FAC ¶¶ 38–42, incorporating ¶¶ 1–24), and therefore forms part of the same case or controversy under Article III. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164–66 (1997) (action containing federal claims and related state-law claims is removable, and district court may exercise supplemental jurisdiction over the state-law claims).

13. Should the SAC be filed and become the operative pleading, it asserts only claims under the TCPA (Exhibit E, Ex. 1), and this Court would have original jurisdiction over every claim in the action under 28 U.S.C. § 1331.

## V. THE STATE COURT STIPULATION DOES NOT AFFECT REMOVAL

14. Defendant's stipulation permitting Plaintiff to amend his pleading, entered to avoid demurrer practice, was procedural, expressly reserved all of Defendant's defenses, objections, and rights (Exhibit E, Recital D and ¶ 4), and did not seek any adjudication on the merits. It does not reflect a clear and unequivocal intent to litigate the merits in state court and does not waive Defendant's statutory right of removal. *See Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994).

15. Under 28 U.S.C. § 1450, the Superior Court's October 7, 2026 order "shall remain in full force and effect until dissolved or modified" by this Court. Accordingly, under that order, Defendant's time to respond to Plaintiff's pleading runs from electronic service of the filed SAC. Defendant reserves the right to seek a stipulation or order of this Court confirming its response deadline under Federal Rule of Civil Procedure 81(c).

## VI. VENUE AND DIVISIONAL ASSIGNMENT

16. Venue lies in this Court because the State Court Action is pending in the Superior Court of California for the County of Orange, which lies within the Central District of California. 28 U.S.C. §§ 84(c), 1441(a), 1446(a). Because the action was pending in Orange County, it is properly assigned to the Southern Division. 28 U.S.C. § 84(c)(3).

## VII. ALL PROPERLY JOINED AND SERVED DEFENDANTS CONSENT

17. Better Rise is the only named defendant and the only defendant that has been served. (Iskander Decl. ¶ 7; Exhibit F.) The remaining defendants are fictitiously named "Does 1 through 10," who have not been identified or served and whose consent is not required. 28 U.S.C. § 1446(b)(2)(A); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

## VIII. PROCESS, PLEADINGS, AND ORDERS

18. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Defendant in the State Court Action, together with the other papers on file there, are attached as follows (Iskander Decl. ¶¶ 2–6):

**Exhibit A:** Summons (issued September 10, 2026; ROA 4).

**Exhibit B:** First Amended Complaint (filed September 14, 2026; ROA 13), with Declaration of Timothy Ratcliff Regarding Venue (Cal. Civ. Code § 1780(d)).

**Exhibit C:** Other papers served with the Summons on September 18, 2026: Civil Case Cover Sheet (ROA 3); Notice of Hearing — Case Management Conference and Clerk's Certificates of Mailing/Electronic Service and Service by Mail; Notice of Change of Address or Other Contact Information (MC-040); and Alternative Dispute Resolution (ADR) Information Package.

**Exhibit D:** Proof of Service of Summons (filed September 18, 2026; ROA 15).

**Exhibit E:** Stipulation for Leave to File Second Amended Complaint; Order (filed October 7, 2026; ROA 21), with Exhibit 1 thereto, the proposed Second Amended Complaint (lodged October 6, 2026; ROA 20).

**Exhibit F:** Superior Court Register of Actions, printed October 15, 2026.

## IX. NOTICE TO THE STATE COURT AND TO PLAINTIFF

19. Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Orange, as required by 28 U.S.C. § 1446(d).

## X. RESERVATION OF RIGHTS

20. By filing this Notice of Removal, Defendant does not waive, and expressly reserves, all defenses, objections, and motions available under state or federal law, including without limitation those under Federal Rule of Civil Procedure 12. Defendant does not admit any of the allegations of the FAC or the proposed SAC. If any question arises as to the propriety of this removal, Defendant requests the opportunity to submit briefing and evidence in support of removal.

WHEREFORE, Defendant Better Rise Capital LLC removes the State Court Action from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California, Southern Division.

Respectfully submitted,

ISKANDER LAW

Date: October 15, 2026

s/ /

Mario Iskander, Esq.
Attorneys for Defendant BETTER RISE CAPITAL LLC

## PROOF OF SERVICE

I am over the age of 18 and not a party to this action. My business address is 1111 N. Brand Blvd., Suite 308, Glendale, California 91202. On October ___, 2026, I served the following document(s):

**DEFENDANT BETTER RISE CAPITAL LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT, WITH EXHIBITS A–F**

**DECLARATION OF MARIO ISKANDER IN SUPPORT OF NOTICE OF REMOVAL**

**CIVIL COVER SHEET (CV-71)**

**CORPORATE DISCLOSURE STATEMENT AND CERTIFICATION AND NOTICE OF INTERESTED PARTIES**

on the interested party in this action as follows:

Timothy Ratcliff, Plaintiff in pro per
500 Westover Dr. #37862
Sanford, NC 27330
Email: ramenmagic@gmail.com

[ X ] **BY U.S. MAIL:** I enclosed the document(s) in a sealed envelope addressed to the person at the address listed above and deposited the envelope with the United States Postal Service at Glendale, California, with first-class postage fully prepaid.

[ X ] **BY ELECTRONIC SERVICE:** Based on Plaintiff's written consent to electronic service, I caused the document(s) to be transmitted to the person at the email address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on October 15, 2026, at Glendale, California.

/s/ Mario Iskander
Mario Iskander