# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 09/10/2026 10:45:00 AM.
30-2026-01596503-CU-NP-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By J. Esquivel, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
BETTER RISE CAPITAL LLC, a California limited libality company, also doing business as RYZE FUNDING and BRC CAPITAL; and DOES 1 throught 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Timothy Ratcliff

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of Ora
Central Justice Center, 700 Civic Center Drive West, Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):* 30-2026-01596503-CU-NP-CJC

Assigned for All Purposes
Judge Shawn Nelson

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy Ratcliff, In Pro Per, 1110 N Virgil Ave PMB 96960, Los Angeles, CA 90029, (213) 866-2442

DATE: 09/11/2026 DAVID H. YAMASAKI, Clerk of the Court Clerk, by *J. Esquivel* J. Esquivel , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* BETTER RISE CAPITAL LLC, a California limited liability company

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☒ other *(specify):* Corp. Code section 17701.16 (limited liability company)

4. ☐ by personal delivery on *(date):*





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

# EXHIBIT B

Electronically Filed by Superior Court of California, County of Orange, 09/14/2026 03:07:00 PM.
30-2026-01596503-CU-NP-CJC - ROA # 13 - DAVID H. YAMASAKI, Clerk of the Court By A. Burton, Deputy Clerk.

TIMOTHY RATCLIFF
1110 N Virgil Ave PMB 96960
Los Angeles, CA 90029
Telephone: (213) 866-2442
Email: ramenmagic@gmail.com
Plaintiff, In Propria Persona

Assigned for All Purposes
Judge Shawn Nelson

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

| | |
|---|---|
| TIMOTHY RATCLIFF,<br><br>Plaintiff,<br><br>v.<br><br>BETTER RISE CAPITAL LLC, a California limited liability company, also doing business as RYZE FUNDING and BRC CAPITAL; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 30-2026-01596503-CU-NP-CJC<br>Dept. C10<br><br>UNLIMITED CIVIL CASE<br>(Amount demanded exceeds $35,000)<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. VIOLATION OF 47 U.S.C. 227(b)(1)(A)(iii) (PRERECORDED CALLS TO CELLULAR TELEPHONE)<br>2. VIOLATION OF 47 U.S.C. 227(c)(5) AND 47 C.F.R. 64.1200(c)(2) (NATIONAL DO NOT CALL REGISTRY)<br>3. VIOLATION OF 47 U.S.C. 227(c)(5) AND 47 C.F.R. 64.1200(d) (INTERNAL DO NOT CALL PROCEDURES)<br>4. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE 1770(a)(22)(A)<br><br>DEMAND FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF<br><br>Complaint filed: September 10, 2026<br>CMC: February 11, 2027, 9:00 AM, Dept. C10<br>Trial date: none set |

Plaintiff TIMOTHY RATCLIFF, appearing in propria persona, files this First Amended Complaint as of right under Code of Civil Procedure section 472, no answer or demurrer having been filed, and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action under the Telephone Consumer Protection Act and the California Consumers Legal Remedies Act arising from thirty prerecorded telemarketing

calls that Defendant placed to Plaintiff's personal cellular telephone over fourteen days, using spoofed caller identification, fictitious agent names, and false statements that Plaintiff had a pending loan request. Twenty-six of the thirty calls were placed after Plaintiff had revoked consent in writing and demanded that the calls stop, and after Defendant had blocked Plaintiff's number from reaching its own callback lines.

2. Congress enacted the TCPA in 1991 in response to consumer complaints about exactly this conduct, finding that automated and prerecorded telemarketing calls are a nuisance and an invasion of privacy. Congress created a private right of action with fixed statutory damages so that individual consumers could enforce the statute themselves, and it provided for trebled damages where, as here, the violations are willful or knowing. Plaintiff brings this action to obtain the remedy Congress provided.

**PARTIES**

3. Plaintiff Timothy Ratcliff ("Plaintiff") is a natural person residing in Los Angeles County, California. At all relevant times Plaintiff was the regular user and subscriber of the cellular telephone number (213) 866-2442 (the "Cell Number"), which is assigned to a cellular telephone service and is used by Plaintiff for personal, residential purposes.

4. Defendant Better Rise Capital LLC ("Defendant") is a California limited liability company, Secretary of State entity number 202565517406, formed on January 29, 2025, with its principal place of business at 2525 Main Street, Suite 410, Irvine, California 92614, in Orange County. Defendant's registered agent for service of process is Nima Asadi, 19200 Von Karman Avenue, Suite 600, Irvine, California 92612. Defendant conducts telemarketing under the names "Ryze Funding" (also rendered "Ryse Funding"), "BRC Capital," and "the business credit department." According to Defendant's filings with the California Secretary of State, Defendant's manager is Mohammad Ghafarinia; a July 21, 2026 amendment to Defendant's articles, signed by

Matt Nia as manager, changed Defendant to a company managed by more than one manager.

5. Plaintiff is ignorant of the true names and capacities of the defendants sued as DOES 1 through 10, inclusive, and therefore sues them by fictitious names. Plaintiff is informed and believes that each DOE defendant, including any dialing vendor, lead generator, or affiliate that placed or caused to be placed the calls described below, is responsible in some manner for the conduct alleged. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6. Plaintiff is informed and believes that at all relevant times each Defendant was the agent of the other Defendants and, in doing the things alleged, acted within the scope of that agency and with the knowledge, authorization, and ratification of the other Defendants.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's claims under the Telephone Consumer Protection Act, 47 U.S.C. 227 (the "TCPA"), because state courts have concurrent jurisdiction over TCPA claims, and over Plaintiff's claim under the Consumers Legal Remedies Act, Civil Code 1750 et seq. (the "CLRA"). This action is an unlimited civil case because the amount demanded exceeds $35,000.

8. Venue is proper in Orange County under Code of Civil Procedure 395 because Defendant's principal place of business is in Orange County and Defendant does business in Orange County. A declaration regarding venue under Civil Code 1780(d) is filed concurrently with this Complaint.

## GENERAL ALLEGATIONS

9. The Cell Number has been registered on the National Do Not Call Registry since August 5, 2020, and was so registered at all times relevant to this action.

10. Plaintiff has never done business with Defendant, has never requested financing, a loan, or any product or service from Defendant, has never provided the Cell

Number to Defendant, and has never given Defendant prior express consent, prior express written consent, or consent of any kind to call the Cell Number.

11. Plaintiff has no "financing request," "loan request," or application pending with Defendant or with anyone acting on Defendant's behalf. The statements in Defendant's prerecorded messages that Plaintiff had such a request were false.

12. Beginning on or about September 1, 2026, Defendant placed, or caused to be placed, at least thirty telephone calls to the Cell Number, each of which delivered a message using an artificial or prerecorded voice, each of which was made for the purpose of encouraging Plaintiff to purchase financing products from Defendant, and each of which used a caller identification number that did not belong to Defendant. The calls are as follows:

(a) On September 1, 2026, at approximately 2:52 PM, from caller identification number 204-850-6383, a prerecorded voice identifying itself as "Thomas" stated that Plaintiff's "financing" still had "an available path forward" with "pre-approved amounts currently showing up to $32,000" and directed Plaintiff to "press 2" or call 888-912-0671.

(b) On September 1, 2026, at approximately 4:15 PM, from caller identification number 551-455-7610, the same prerecorded "Thomas" message was delivered, again directing Plaintiff to press 2 or call 888-912-0671.

(c) On September 2, 2026, at approximately 10:56 AM, from caller identification number 514-531-9924, a prerecorded voice identifying itself as "Emmy Schwartz with the business credit department" stated that a "financing request associated with your business" had "moved beyond the preliminary stage" and directed Plaintiff to press 2 or call 844-502-3221.

(d) On September 2, 2026, at approximately 3:51 PM, from caller identification number 318-643-9352, a prerecorded voice identifying itself as "Katie Lee" stated that Plaintiff's "loan requests still have financing options worth

reviewing, including pre-approval amounts up to $45,000" and directed Plaintiff to press 2 or call 844-502-3253.

(e) On September 3, 2026, at approximately 9:32 AM, from caller identification number 270-453-9414, the prerecorded "Emmy Schwartz" message was delivered again, directing Plaintiff to press 2 or call 888-912-2116. Plaintiff remained on the line after the recording ended and was connected to a live representative who confirmed the company as "Ryse Funding" and transferred Plaintiff to a person identifying himself as "Zack," a "funding advisor" with "BRC Capital, Better Rise Capital," who then disconnected the call.

(f) On September 3, 2026, at approximately 10:11 AM, from caller identification number 607-575-8752, the prerecorded "Katie Lee" message was delivered again, directing Plaintiff to press 2 or call 888-912-0705.

(g) On September 3, 2026, at approximately 5:11 PM, from caller identification number 437-203-1517, a longer prerecorded "Katie Lee" message stated that "based on the information associated with your request" Defendant could offer "up to $45,000" with "estimated payments around $625 per month" and directed Plaintiff to press 2 or call 888-912-0705.

(h) On September 4, 2026, at approximately 12:48 PM, from caller identification number 289-513-8566, the prerecorded "Emmy Schwartz" message was delivered again, directing Plaintiff to press 2 or call 877-961-0591.

(i) On September 4, 2026, at approximately 2:46 PM, from caller identification number 240-918-5598, the prerecorded "Katie Lee" message was delivered again, directing Plaintiff to press 2 or call 888-310-2379.

(j) On September 4, 2026, at approximately 4:00 PM, from caller identification number 306-791-4455, the prerecorded "Katie Lee" message was delivered again, directing Plaintiff to press 2 or call 888-310-2379.

(k) On September 4, 2026, at approximately 4:55 PM, from caller identification number 250-919-8039, a prerecorded voice stated that Plaintiff had "a pre-approval for personal loan that is about to be expired next week," "up to $30,000," with "rates start around 5.8%," and directed Plaintiff to call 888-905-1759.

(l) On September 5, 2026, at approximately 10:35 AM, from caller identification number 224-307-1003, the longer prerecorded "Katie Lee" message was delivered again, directing Plaintiff to press 2 or call 855-357-2026.

(m) On September 5, 2026, at approximately 11:58 AM, from caller identification number 587-925-8412, the longer prerecorded "Katie Lee" message was delivered again, directing Plaintiff to press 2 or call 855-357-2026.

(n) On September 8, 2026, at approximately 1:45 PM, from caller identification number 786-891-7159, the prerecorded "Thomas" message, identical to the September 1 calls, was delivered again, directing Plaintiff to press 2 or call 833-662-5743.

(o) On September 8, 2026, at approximately 4:01 PM, from caller identification number 778-384-4066, the prerecorded "Thomas" message was delivered again, directing Plaintiff to press 2 or call 833-662-5743.

(p) On September 8, 2026, at approximately 4:31 PM, from caller identification number 506-979-8966, the prerecorded "Thomas" message was delivered again, directing Plaintiff to press 2 or call 833-662-5743.

(q) On September 9, 2026, at approximately 1:03 PM, from caller identification number 604-585-8305, a prerecorded voice identifying itself as "Jeremy Austin" stated it was calling to "reconnect regarding the business financing request you submitted" and that it had "a preapproval for $350,000," and directed Plaintiff to press 2 or call 833-684-4339.

(r) On September 9, 2026, at approximately 2:24 PM, from caller identification number 647-812-4318, a prerecorded voice identifying itself as "Alvin Douglas" stated it had an "update on the financing you were looking into" and offered "potential numbers before you decide whether you want to move forward with the personal loan," and directed Plaintiff to press 2 or call 844-502-3058.

(s) On September 9, 2026, at approximately 2:40 PM, from caller identification number 902-394-9908, the prerecorded "Alvin Douglas" message was delivered again, directing Plaintiff to press 2 or call 844-502-3058.

(t) On September 9, 2026, at approximately 4:43 PM, from caller identification number 587-202-3475, the prerecorded "Alvin Douglas" message was delivered again, directing Plaintiff to press 2 or call 844-502-3058.

(u) On September 9, 2026, at approximately 5:44 PM, from caller identification number 540-452-5286, the prerecorded "Alvin Douglas" message was delivered again, directing Plaintiff to press 2 or call 844-502-3058.

(v) On September 10, 2026, at approximately 12:31 PM, from caller identification number 289-256-5752, a prerecorded voice identifying itself as "Maria Waters with Business Lending" stated it wanted to "reconnect regarding the business financing," that Plaintiff's "financing request is still open," and that his "application is currently showing a preapproval for consideration for up to $350,000," and directed Plaintiff to press 2 or call 866-771-1965.

(w) On September 10, 2026, at approximately 1:15 PM, from caller identification number 959-233-7848, the prerecorded "Alvin Douglas" message was delivered again, directing Plaintiff to press 2 or call 855-357-2212.

(x) On September 10, 2026, at approximately 3:21 PM, from caller identification number 970-822-1385, the prerecorded "Alvin Douglas" message was delivered again, directing Plaintiff to press 2 or call 855-357-2212.

(y) On September 10, 2026, at approximately 4:19 PM, from caller identification number 458-244-4723, the prerecorded "Alvin Douglas" message was delivered again, adding that Plaintiff "may have financing options up to $55,000," and directing Plaintiff to press 2 or call 855-357-2212.

(z) On September 11, 2026, at approximately 11:24 AM, from caller identification number 902-854-4525, the prerecorded "Maria Waters" message was delivered again, directing Plaintiff to press 2 or call 888-269-1593.

(aa) On September 11, 2026, at approximately 3:55 PM, from caller identification number 705-569-7868, the prerecorded "Alvin Douglas" message was delivered again, directing Plaintiff to press 2 or call 844-515-1054.

(ab) On September 11, 2026, at approximately 4:36 PM, from caller identification number 204-850-0329, the prerecorded "Alvin Douglas" message was delivered again, directing Plaintiff to press 2 or call 844-515-1054.

(ac) On September 12, 2026, at approximately 12:22 PM, from caller identification number 573-266-7799, the prerecorded "Alvin Douglas" message was delivered again, directing Plaintiff to press 2 or call 877-578-2137.

(ad) On September 14, 2026, at approximately 11:54 AM, from caller identification number 610-810-5346, the prerecorded "Alvin Douglas" message was delivered again, directing Plaintiff to press 2 or call 833-684-5586.

13. The identical scripts, rotating fictitious agent names ("Thomas," "Emmy Schwartz," "Katie Lee," "Jeremy Austin," "Alvin Douglas," and "Maria Waters"), sequentially assigned toll-free callback numbers, and delivery of the same message from multiple unrelated caller identification numbers in Manitoba, New Jersey, Quebec, Louisiana, Kentucky, New York, Ontario, Maryland, Saskatchewan, British Columbia, Illinois, Alberta, Florida, New Brunswick, Nova Scotia, Virginia, Connecticut, Colorado, Oregon, Missouri, and Pennsylvania demonstrate that each message was prerecorded and delivered by an automated dialing platform rather than spoken by a live person.

14. The callback numbers stated in the calls are Defendant's. On September 2, 2026, Plaintiff called 844-502-3221 for the sole purpose of identifying the party responsible for the calls. Plaintiff announced that the call was being recorded. Defendant's representative confirmed that the company was Better Rise Capital and, at approximately 4:32 PM Pacific the same day, Defendant sent Plaintiff an email from marco@ryzefunding.com titled "Better Rise Capital Account Verification Form," the contents of which were served from Defendant's own systems at betterrisecapital.my.salesforce.com and betterrisecapital.formtitan.com.

15. Records of the Somos toll-free number registry, as reported by the responsible organization directory, show that all eighteen callback numbers stated in the calls (888-912-0671, 888-912-2116, 888-912-0705, 844-502-3221, 844-502-3253, 877-961-0591, 888-310-2379, 888-905-1759, 855-357-2026, 833-662-5743, 833-684-4339, 844-502-3058, 855-357-2212, 866-771-1965, 888-269-1593, 844-515-1054, 877-578-2137, and 833-684-5586) are controlled by the same responsible organization, Excel Telecommunications, and were transferred to that organization together on March 4, 2026 within a twenty-four minute window, having been acquired from the toll-free spare pool in two batches on January 15, 2026 and March 4, 2026, each within minutes of one another. Plaintiff is informed and believes that all eighteen numbers are controlled by Defendant.

16. A report to the Better Business Bureau Scam Tracker dated March 30, 2026 describes months of prerecorded calls from multiple numbers by a person using a fictitious name on behalf of "Ryze Funding," whose representatives disconnected calls when asked to identify their company, and gives the callback number 855-357-2016. The Somos registry shows that 855-357-2016 was acquired and transferred on the same dates and within the same seconds as Defendant's callback number 855-357-2026. Defendant was engaged in the same conduct toward other consumers, and was on notice of complaints about it, months before it called Plaintiff.

17. On September 2, 2026, Plaintiff sent Defendant, at the email address from which Defendant had contacted him, a written notice identifying the calls, revoking any claimed consent, demanding that all calls to the Cell Number cease, demanding that the Cell Number be placed on Defendant's internal do-not-call list, and demanding preservation of records. The notice also constituted notice under Civil Code 1782. Defendant received the notice.

18. Defendant placed the calls described in paragraph 12(e) through 12(dd) above, twenty-six calls in all, after receiving Plaintiff's written revocation and demand. Plaintiff sent Defendant further written notices on September 3, 2026 identifying each new call and stating that litigation would follow, and sent copies of all three notices by United States Postal Service Priority Mail to Defendant's principal office and to its registered agent on September 4, 2026. United States Postal Service tracking records show that both mailings were delivered and left with an individual on September 8, 2026, at Defendant's registered agent's office at 12:46 PM, signed for by "K. Kimia," and at Defendant's principal office at 11:06 AM, signed for by "M. Trjo." Defendant made no response to any notice and continued calling.

19. Defendant placed the seventeen calls described in paragraph 12(n) through 12(dd) after the written notices had been physically delivered to and signed for at both its principal office and its registered agent's office. The first of those calls came

approximately one hour after the second delivery. Five of them, on September 9, 2026, came on the day of the deadline Plaintiff's final notice had set. Four more came on September 10, 2026, the day this action was filed, and three on September 11, 2026, the day after. Defendant continued calling on September 12 and September 14, 2026. The calls of September 9 through 14 introduced three new fictitious agents and eight new callback numbers.

20. None of the thirty prerecorded messages stated the name of the business responsible for the call, as required by 47 C.F.R. 64.1200(b)(1). Each identified only a fictitious first name or first and last name and a toll-free callback number.

21. On September 5, 2026 at approximately 3:04 PM Pacific, Plaintiff dialed Defendant's callback number 855-357-2026 from the Cell Number and received a recorded message stating that the number was "not in service." At approximately 3:06 PM Pacific, Plaintiff dialed the same number from a second telephone number belonging to Plaintiff and the call connected to Defendant's telephone system and played Defendant's after-hours greeting. Both attempts were screen-recorded. Toll-free numbers receive the calling party's number regardless of caller identification settings. Defendant had therefore identified the Cell Number in its systems and configured them to refuse inbound calls from it, while continuing to place prerecorded outbound calls to it. Plaintiff had received two more prerecorded calls from Defendant earlier that same day.

22. Plaintiff is informed and believes that Defendant does not maintain, or does not honor, an internal do-not-call list, does not maintain a written policy for maintaining such a list, and does not train its personnel or its agents in the existence and use of such a list, as required by 47 C.F.R. 64.1200(d).

23. Defendant's violations were willful and knowing. Defendant used spoofed caller identification, fictitious agent names, and false statements of a pending request in order to induce Plaintiff to respond, and continued calling after receiving three written notices that consent was revoked and that litigation was pending, after those notices were

delivered to and signed for at its office and its registered agent's office, and after it had taken the affirmative step of blocking Plaintiff's number from its own inbound lines.

24. Defendant's calls invaded Plaintiff's privacy, intruded upon his seclusion, occupied his telephone line and voicemail storage, wasted his time, and caused him aggravation and nuisance.

**FIRST CAUSE OF ACTION**

**Violation of 47 U.S.C. 227(b)(1)(A)(iii)**

**(Against All Defendants)**

25. Plaintiff realleges and incorporates paragraphs 1 through 24.

26. Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful to make any call, other than a call made for emergency purposes or with the prior express consent of the called party, using an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. Under 47 C.F.R. 64.1200(a)(2), such a call that constitutes telemarketing requires the prior express written consent of the called party.

27. Each of the thirty calls described in paragraph 12 was made to the Cell Number, a number assigned to a cellular telephone service, using an artificial or prerecorded voice, for telemarketing purposes, without Plaintiff's prior express consent or prior express written consent, and not for emergency purposes.

28. Under 47 U.S.C. 227(b)(3), Plaintiff is entitled to recover $500 in statutory damages for each violation, and, because the violations were willful and knowing, the Court may increase the award to $1,500 per violation. Plaintiff seeks $1,500 for each of the thirty calls, totaling $45,000, together with $1,500 for each additional violation occurring after the filing of this Complaint, and injunctive relief.

**SECOND CAUSE OF ACTION**

**Violation of 47 U.S.C. 227(c)(5) and 47 C.F.R. 64.1200(c)(2)**

**(Against All Defendants)**

29. Plaintiff realleges and incorporates paragraphs 1 through 24.

30. 47 C.F.R. 64.1200(c)(2), promulgated under 47 U.S.C. 227(c), prohibits any person from initiating a telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do Not Call Registry. Under 47 C.F.R. 64.1200(e), this prohibition applies to calls to wireless telephone numbers. The Cell Number is a residential number used for personal purposes and has been registered on the National Do Not Call Registry since August 5, 2020.

31. Each of the thirty calls described in paragraph 12 was a telephone solicitation initiated to the Cell Number more than thirty days after its registration on the National Do Not Call Registry. Plaintiff received more than one such call within a twelve-month period.

32. Defendant does not have a personal relationship with Plaintiff, does not have an established business relationship with Plaintiff, and did not have Plaintiff's prior express invitation or permission to call.

33. Under 47 U.S.C. 227(c)(5), Plaintiff is entitled to recover $500 in statutory damages for each violation, and, because the violations were willful and knowing, the Court may increase the award to $1,500 per violation. Plaintiff seeks $1,500 for each of the thirty calls, totaling $45,000, together with $1,500 for each additional violation occurring after the filing of this Complaint, and injunctive relief.

**THIRD CAUSE OF ACTION**

**Violation of 47 U.S.C. 227(c)(5) and 47 C.F.R. 64.1200(d)**

**(Against All Defendants)**

34. Plaintiff realleges and incorporates paragraphs 1 through 24.

35. 47 C.F.R. 64.1200(d) prohibits any person from initiating a call for telemarketing purposes to a residential telephone subscriber unless that person has instituted procedures for maintaining a list of persons who request not to receive such calls, including a written policy available on demand, training of personnel, recording

and honoring of do-not-call requests within a reasonable time not to exceed ten business days, and maintenance of the request for five years.

36. Plaintiff requested in writing on September 2, 2026 that Defendant not call the Cell Number. Defendant called the Cell Number at least twenty-six more times thereafter, including approximately forty minutes after Plaintiff's second written request, demonstrating that Defendant had not instituted the required procedures or did not honor them.

37. Each of the calls described in paragraph 12 was initiated in violation of 47 C.F.R. 64.1200(d). To the extent any call is not separately compensable under the Second Cause of Action, Plaintiff seeks $500 per violation, increased to $1,500 for willful and knowing violation, under 47 U.S.C. 227(c)(5), and injunctive relief.

**FOURTH CAUSE OF ACTION**

**Violation of the Consumers Legal Remedies Act, Civil Code 1770(a)(22)(A)**

**(Against All Defendants)**

38. Plaintiff realleges and incorporates paragraphs 1 through 24.

39. Plaintiff is a "consumer" within the meaning of Civil Code 1761(d). Defendant's calls solicited Plaintiff to obtain a loan, which is a "service" within the meaning of Civil Code 1761(b), and constituted a "transaction" within the meaning of Civil Code 1761(e). The calls described in paragraph 12(g), 12(k), 12(l), 12(m), 12(r), 12(s), 12(t), 12(u), 12(w), 12(x), 12(y), 12(aa), 12(bb), 12(cc), and 12(dd) expressly concerned a personal loan or conditioned the offered loan on Plaintiff's "current income," soliciting Plaintiff in his individual capacity.

40. Civil Code 1770(a)(22)(A) prohibits disseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the

consent of that person to listen to the prerecorded message. Each of the thirty calls violated this provision.

41. Plaintiff served written notice on Defendant under Civil Code 1782(a) on September 2, 2026. Pursuant to Civil Code 1782(d), Plaintiff presently seeks injunctive relief under this cause of action and will amend this Complaint to seek damages, including punitive damages under Civil Code 1780(a)(4), if Defendant fails to provide an appropriate correction, repair, replacement, or other remedy within thirty days of that notice.

42. Plaintiff is entitled to an order enjoining Defendant from further violations, and to costs and any other relief the Court deems proper under Civil Code 1780.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. On the First Cause of Action, statutory damages of $1,500 for each of the thirty violations alleged, totaling $45,000, and $1,500 for each additional violation proven at trial;
2. On the Second Cause of Action, statutory damages of $1,500 for each of the thirty violations alleged, totaling $45,000, and $1,500 for each additional violation proven at trial;
3. On the Third Cause of Action, statutory damages of $1,500 per violation to the extent not otherwise awarded;
4. On the Fourth Cause of Action, injunctive relief, and damages to be sought by amendment under Civil Code 1782(d);
5. An order permanently enjoining Defendants from calling the Cell Number and from initiating prerecorded telemarketing calls to numbers on the National Do Not Call Registry without prior express written consent;
6. Costs of suit; and

7. Such other and further relief as the Court deems just and proper.

Total amount demanded: $90,000, plus $3,000 for each additional violation occurring after the filing of this Complaint, plus costs.

Dated: September 14, 2026

*Timothy Ratcliff*

TIMOTHY RATCLIFF
Plaintiff, In Propria Persona

TIMOTHY RATCLIFF
1110 N Virgil Ave PMB 96960
Los Angeles, CA 90029
Telephone: (213) 866-2442
Email: ramenmagic@gmail.com
Plaintiff, In Propria Persona

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

| | |
|---|---|
| TIMOTHY RATCLIFF,<br><br>Plaintiff,<br><br>v.<br><br>BETTER RISE CAPITAL LLC, et al.,<br><br>Defendants. | Case No.: 30-2026-01596503-CU-NP-CJC<br><br>DECLARATION OF TIMOTHY RATCLIFF REGARDING VENUE<br>(Civil Code 1780(d)) |

I, Timothy Ratcliff, declare:

1. I am the plaintiff in this action. I have personal knowledge of the facts stated in this declaration and could testify to them if called as a witness.

2. This action is filed in Orange County, California. Defendant Better Rise Capital LLC is a California limited liability company whose principal place of business, according to the records of the California Secretary of State, is 2525 Main Street, Suite 410, Irvine, California 92614, in Orange County. Defendant is doing business in Orange County.

3. For these reasons, Orange County is a proper county for the trial of this action under Civil Code 1780(d).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 14, 2026, at Los Angeles, California.

______________________________
TIMOTHY RATCLIFF

# EXHIBIT C

Electronically Filed by Superior Court of California, County of Orange, 09/10/2026 10:45:02 AM.
30-2026-01596503-CU-NP-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By J. Esquivel, Deputy Clerk.

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | *FOR COURT USE ONLY*

NAME: Timothy Ratcliff
FIRM NAME:
STREET ADDRESS: 1110 N Virgil Ave PMB 96960
CITY: Los Angeles STATE: CA ZIP CODE: 90029
TELEPHONE NO.: 213-866-2442 FAX NO.:
EMAIL ADDRESS: ramenmagic@gmail.com
ATTORNEY FOR (*name*): Plaintiff, In Pro Per

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Ratcliff v. Better Rise Capital LLC

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 30-2026-01596503-CU-NP-CJC
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2 and examples on page 3).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[X] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Song-Beverly Act: Motor Vehicle Lemon Law (49)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:

   a. ☒ monetary
   b. ☒ nonmonetary; declaratory or injunctive relief
   c. ☐ punitive

4. Number of causes of action *(specify)*: 4

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9-8-2026

Timothy Ratcliff
Type or print name

▶ *Timothy Ratcliff*
Signature of party or attorney for party

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, or a collections case under rule 3.740, you must serve a copy of this cover sheet on all other parties to the action or proceeding. (Cal. Rules of Court, rule 3.220.)
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided on page 3 of this form. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

The list below provides explanations and examples for the case type checkboxes listed in item 1 on this form. The lists of examples below are not meant to be exhaustive, and some case types may have causes of action not listed here.

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)* (46)

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or environmental/toxic tort)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud *(other than contract)* (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Song-Beverly Act: Motor Vehicle Lemon Law *(check this item if the case involves a Song-Beverly Act claim regarding a motor vehicle)* (49)
- Rule 3.740 Collections *(as defined in Cal. Rules of Court, rule 3.740(a))* (09)
- Other Collections (e.g., money owed, open book accounts, promissory note) (09)
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not unlawful detainer)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs *(if the case involves illegal drugs, check this item; otherwise, choose Commercial or Residential)* (38)

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review *(if the case involves an Employment Development Department decision, check this item instead of wrongful termination or other employment)* (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/ non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Government Claim Requirement
  - Other Civil Petition

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>Central Justice Center<br>700 W. Civic Center Drive<br>Santa Ana, CA 92702 | |
| **SHORT TITLE:** Ratcliff vs. Better Rise Capital LLC | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2026-01596503-CU-NP-CJC** |

I certify that I am not a party to this cause. I certify that that the following document(s), Notice of Hearing OC, was transmitted electronically by an Orange County Superior Court email server on September 10, 2026, at 4:10:00 PM PDT. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

TIMOTHY RATCLIFF
ramenmagic@gmail.com

Clerk of the Court, by: *Fred Acosta*, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | *FOR COURT USE ONLY*<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE*<br><br>**Sep 10, 2026**<br><br>Clerk of the Court<br>By: J. Esquivel, Deputy |
| PLAINTIFF: Timothy Ratcliff | |
| DEFENDANT: Better Rise Capital LLC | |
| Short Title: RATCLIFF VS. BETTER RISE CAPITAL LLC | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2026-01596503-CU-NP-CJC |

Please take notice that a(n), Case Management Conference has been scheduled for hearing on 02/11/2027 at 09:00:00 AM in Department C10 of this court, located at Central Justice Center.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court, By: J. Esquivel, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** RATCLIFF VS. BETTER RISE CAPITAL LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **30-2026-01596503-CU-NP-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 09/10/2026. Following standard court practice the mailing will occur at Sacramento, California on 09/11/2026.

Clerk of the Court, by: J. Esquivel, Deputy

TIMOTHY RATCLIFF
1110 N VIRGIL AVE, PMB 96960
LOS ANGELES, CA 90029

MC-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TIMOTHY RATCLIFF<br>500 Westover Dr #37862<br>Sanford, NC 27330<br>TELEPHONE NO.: (213) 866-2442 FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* ramenmagic@gmail.com<br>ATTORNEY FOR *(Name):* Plaintiff. In Propria Persona | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE<br>STREET ADDRESS: 700 W. Civic Center Drive<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana. CA 92701<br>BRANCH NAME: Central Justice Center | |
| PLAINTIFF/PETITIONER: TIMOTHY RATCLIFF<br>DEFENDANT/RESPONDENT: BETTER RISE CAPITAL LLC. et al. | CASE NUMBER:<br>30-2026-01596503-CU-NP-CJC<br>JUDICIAL OFFICER: |
| **NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION** | DEPT.:<br>C10 |

1. **Please take notice** that, as of *(date):* September 15, 2026
   - [X] the following self-represented party or
   - [ ] the attorney for:
     - a. [X] plaintiff *(name):* Timothy Ratcliff
     - b. [ ] defendant *(name):*
     - c. [ ] petitioner *(name):*
     - d. [ ] respondent *(name):*
     - e. [ ] other *(describe):*

   has **changed his or her address** for service of notices and documents or other contact information in the above-captioned action.

   [ ] A list of additional parties represented is provided in Attachment 1.

2. The **new address** or other contact information for *(name):* Timothy Ratcliff is as follows:
   - a. Street: 500 Westover Dr #37862
   - b. City: Sanford
   - c. Mailing address *(if different from above):*
   - d. State and zip code: NC 27330
   - e. Telephone number: (213) 866-2442
   - f. Fax number (if available):
   - g. E-mail address (if available): ramenmagic@gmail.com

3. **All notices and documents** regarding the action should be sent to the above address.

Date: September 15, 2026

TIMOTHY RATCLIFF
(TYPE OR PRINT NAME)

▶ Timothy Ratcliff
(SIGNATURE OF PARTY OR ATTORNEY)



Form Approved for Optional Use
Judicial Council of California
MC-040 [Rev. January 1, 2013]

NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION

Cal. Rules of Court, rules 2.200 and 8.816
www.courts.ca.gov

MC-040

| PLAINTIFF/PETITIONER: TIMOTHY RATCLIFF<br>DEFENDANT/RESPONDENT: BETTER RISE CAPITAL LLC, et al. | CASE NUMBER:<br>30-2026-01596503-CU-NP-CJC |
|---|---|

## PROOF OF SERVICE BY FIRST-CLASS MAIL
## NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION

***(NOTE:** This page may be used for proof of service by first-class mail of the* **Notice of Change of Address or Other Contact Information.** *Please use a different proof of service, such as* **Proof of Service—Civil (form POS-040),** *if you serve this notice by a method other than first class-mail, such as by fax or electronic service. You cannot serve the* **Notice of Change of Address or Other Contact Information** *if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. At the time of service, I was at least 18 years old and **not a party to this action.**
2. I am a resident of or employed in the county where the mailing took place. My residence or business address is *(specify): 7235 Hollywood Blvd, Apt 320, Los Angeles, CA 90046*
3. I served a copy of the *Notice of Change of Address or Other Contact Information* by enclosing it in a sealed envelope addressed to the persons at the addresses listed in item 5 and *(check one):*

   a. [X] deposited the sealed envelope with the United States Postal Service with postage fully prepaid.

   b. [ ] placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
4. The *Notice of Change of Address or Other Contact Information* was placed in the mail:

   a. on *(date): 9-15-2026*

   b. at *(city and state): Los Angeles CA*
5. The envelope was addressed and mailed as follows:

   a. Name of person served:
   Better Rise Capital LLC, c/o Nima Asadi, Agent
   Street address: 19200 Von Karman Ave, Suite 600
   City: Irvine
   State and zip code: CA 92612

   b. Name of person served:
   Better Rise Capital LLC, Attn: Manager
   Street address: 2525 Main Street, Suite 410
   City: Irvine
   State and zip code: CA 92614

   c. Name of person served:
   Street address:
   City:
   State and zip code:

   d. Name of person served:
   Street address:
   City:
   State and zip code:

[ ] Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:9-15-2026

Olga Krovyakova
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Olga Krovyakova*
(SIGNATURE OF DECLARANT)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:

- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*:<br><br>Telephone No.: Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*: Bar No: | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>JUSTICE CENTER:<br>☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Costa Mesa - 3390 Harbor Blvd., Costa Mesa, CA 92626-1554<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-0500 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), ______________________________

______________________________

and Defendant(s)/Respondent(s), ______________________________

______________________________

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)

☐ Under section 1141.11 of the Code of Civil Procedure (Judicial Arbitration)

☐ Under section 1280 of the Code of Civil Procedure (Contractual Arbitration)

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ An approved fee waiver (FW-003) is attached to this Stipulation, and the selected ADR Neutral(s) are eligible to provide pro bono services.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: ______________ ______________________ ______________________
(SIGNATURE OF PLAINTIFF OR ATTORNEY) (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: ______________ ______________________ ______________________
(SIGNATURE OF DEFENDANT OR ATTORNEY) (SIGNATURE OF DEFENDANT OR ATTORNEY)

# EXHIBIT D

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address)*: **Tim Ratcliff <tim@magiccloseup.com>** **7235 Hollywood Blvd Apt 320** **Los Angeles, CA 90046** TELEPHONE NO.: **213-866-2442** FAX NO. *(Optional)*: E-MAIL ADDRESS *(Optional)*: ATTORNEY FOR *(Name)*: **Timothy Ratcliff** | ***FOR COURT USE ONLY*** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** STREET ADDRESS: **700 Civic Center Drive West** MAILING ADDRESS: **700 Civic Center Drive West** CITY AND ZIP CODE: **Santa Ana 92701** BRANCH NAME: **Central Justice Center** | |
| PLAINTIFF/PETITIONER: **Timothy Ratcliff** DEFENDANT/RESPONDENT: **BETTER RISE CAPITAL LLC, a California limited liability company, also doing business as RYZE FUNDING; et al** | CASE NUMBER: **30-2026-01596503-CU-NP-CJC** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **Better Rise Capital LLC 30-2026-01596503-CU-NP-CJC** |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents)*:
**SUMMONS; FIRST AMENDED COMPLAINT; CIVIL CASE COVER SHEET; DECLARATION OF TIMOTHY RATCLIFF REGARDING VENUE; CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE; NOTICE OF HEARING CASE MANAGEMENT CONFERENCE; CLERK'S CERTIFICATE OF SERVICE BY MAIL; NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

BY FAX

3. a. Party served *(specify name of party as shown on documents served)*:
**BETTER RISE CAPITAL LLC, a California limited liability company, also doing business as RYZE FUNDING**

b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a )*:
**Marisol Guillen, person authorized to accept for BETTER RISE CAPITAL LLC, a California limited liability company, also doing business as RYZE FUNDING.**

4. Address where the party was served:
**19200 Von Karman Ave , Ste 600, Irvine, CA 92612-8516**

5. I served the party *(check proper box)*

a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **09/18/2026** at *(time)*: **9:41 AM**
**Marisol Guillen**
**I delivered the documents to Marisol Guillen who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired Hispanic female contact 25-35 years of age, 5'-5'4" tall and weighing 140-160 lbs.**

b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

(1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

(2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

(3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

| PLAINTIFF/PETITIONER: Timothy Ratcliff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BETTER RISE CAPITAL LLC, a California limited liability company, also doing business as RYZE FU... | 30-2026-01596503-CU-NP-CJC |

(4) ☐ I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The “Notice to the Person Served” (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify)* **BETTER RISE CAPITAL LLC, a California limited liability company, also doing business** under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **Fedaa Almashal**
b. Address: **PO Box 4871, Anaheim, CA 92803**
c. Telephone number: **714-588-2419**
d. The fee for service was: **$ 80.00**
e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ registered California process server:
(i) ☐ owner ☐ employee ☒ independent contractor. For: **ABC Legal Services, LLC**

(ii) ☒ Registration No.: **PS-6400** Registration #: **6779**

BY FAX

(iii) [X] County: **Orange County** County: **Los Angeles**

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [ ] **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 09/18/2026

**Fedaa Almashal**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

# EXHIBIT E

31933258

TIMOTHY RATCLIFF
500 Westover Dr #39696
Sanford, NC 27330
Telephone: (213) 866-2442
Email: ramenmagic@gmail.com
Plaintiff, In Propria Persona

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

OCT 07 2026

DAVID H. YAMASAKI, Clerk of the Court

BY: W. CLARK, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

| | |
|---|---|
| **TIMOTHY RATCLIFF,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BETTER RISE CAPITAL LLC, a California limited liability company, also doing business as RYZE FUNDING and BRC CAPITAL; and DOES 1 through 10, inclusive,**<br><br>**Defendants.** | Case No. 30-2026-01596503-CU-NP-CJC<br><br>Assigned for All Purposes: Hon. Shawn Nelson, Dept. C10<br><br>**STIPULATION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; ORDER**<br><br>(Code Civ. Proc. §§ 472, 473(a)(1), 430.41)<br><br>Complaint filed: September 10, 2026<br>FAC filed: September 14, 2026<br>Response to FAC due: October 19, 2026<br>CMC: February 11, 2027, 9:00 a.m., Dept. C10<br>Trial Date: None set |

Plaintiff TIMOTHY RATCLIFF, in propria persona, and Defendant BETTER RISE CAPITAL LLC, by and through its counsel of record, Mario Iskander, Esq. of Iskander Law, stipulate as follows:

**RECITALS**

A. Plaintiff filed this action on September 10, 2026 and, as of right, a First Amended Complaint on September 14, 2026 (ROA 13). Defendant was personally served with the summons and First Amended Complaint on September 18, 2026. Defendant's response is due October 19, 2026.

B. On September 28, 2026, the parties conferred by written correspondence regarding Defendant's contemplated demurrer. Defendant stated that it intends to demur to the First Amended Complaint on the grounds that (1) the fourth cause of action under the Consumers

Legal Remedies Act does not allege a covered transaction, damage, or the required pre-suit notice; (2) the TCPA causes of action do not allege sufficient facts showing that Defendant itself placed the calls or that the caller acted as Defendant's agent; and (3) the pleading does not separately state its claims by statutory subsection or identify the calls supporting each claim.

C. Plaintiff disputes that the First Amended Complaint is deficient but, in the interest of efficiency and to avoid motion practice, has prepared a proposed Second Amended Complaint, attached as Exhibit 1, which (1) omits the Consumers Legal Remedies Act cause of action; (2) states three causes of action under the TCPA, each identified by statutory subsection and implementing regulation, each identifying the calls on which it is based; (3) alleges in detail the facts on which Plaintiff contends Defendant placed the calls and, alternatively, is vicariously liable for them; and (4) adds the calls Plaintiff received after the First Amended Complaint was filed, through September 21, 2026.

D. Defendant has reviewed Exhibit 1 and does not oppose its filing, while reserving all defenses, objections, and rights with respect to it.

**STIPULATION**

1. Plaintiff is granted leave to file the Second Amended Complaint in the form attached as Exhibit 1. Code Civ. Proc. § 473, subd. (a)(1).

2. Plaintiff shall file the Second Amended Complaint within three court days after entry of the order below, and shall serve it on Defendant's counsel electronically at mario@iskanderlaw.com the same day.

3. Defendant shall answer, demur, or otherwise respond to the Second Amended Complaint within thirty days after electronic service of the filed Second Amended Complaint. Defendant's obligation to respond to the First Amended Complaint is discharged, and the First Amended Complaint is superseded upon filing of the Second Amended Complaint.

4. The parties have conferred regarding the matters set out in Recital B, and Defendant will not file a demurrer to the First Amended Complaint. Nothing in this stipulation is an admission by either party, and Defendant does not waive any defense, objection, or right with respect to the Second Amended Complaint, including the right to demur to it.

31933258

5. The parties confirm their consent, previously given in writing on September 28, 2026, to electronic service in this action under Code of Civil Procedure section 1010.6: Plaintiff at ramenmagic@gmail.com, and Defendant at mario@iskanderlaw.com.

6. This stipulation does not affect the discovery served by Plaintiff on September 28, 2026 or the deadlines for responding to it.

7. This stipulation may be signed in counterparts, and electronic signatures are effective as originals.

IT IS SO STIPULATED.

Dated: October 1, 2026

____/s/ Timothy Ratcliff________
TIMOTHY RATCLIFF
Plaintiff, In Propria Persona

Dated: October 5, 2026

ISKANDER LAW

By: ____/s/ Mario Iskander_____
MARIO ISKANDER, ESQ.
Attorney for Defendant
Better Rise Capital LLC
(Electronic Signature affixed with the written authorization of Mario Iskander, given by email on October 5, 2026)

31933258

**ORDER**

Pursuant to the stipulation of the parties, and good cause appearing, IT IS ORDERED that:

1. Plaintiff is granted leave to file the Second Amended Complaint in the form attached to the stipulation as Exhibit 1 and shall file and electronically serve it within three court days of this order.

2. Defendant shall respond to the Second Amended Complaint within thirty days after electronic service of the filed Second Amended Complaint.

3. The Case Management Conference set for February 11, 2027, at 9:00 a.m. in Department C10 remains on calendar.

Dated: 10/7/26

JUDGE R. SHAWN NELSON OF THE SUPERIOR COURT

31933258

Exhibit 1

Electronically Filed by Superior Court of California, County of Orange, 10/06/2026 03:36:00 PM.
30-2026-01596503-CU-NP-CJC - ROA # 20 - DAVID H. YAMASAKI, Clerk of the Court By eClerk, Deputy Clerk.

TIMOTHY RATCLIFF
500 Westover Dr #39696
Sanford, NC 27330
Telephone: (213) 866-2442
Email: ramenmagic@gmail.com
Plaintiff, In Propria Persona

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

| | |
|---|---|
| TIMOTHY RATCLIFF,<br><br>Plaintiff,<br><br>v.<br><br>BETTER RISE CAPITAL LLC, a California limited liability company, also doing business as RYZE FUNDING and BRC CAPITAL; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 30-2026-01596503-CU-NP-CJC<br>Dept. C10<br><br>**SECOND AMENDED COMPLAINT FOR:**<br>**(1) VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**<br>**(2) VIOLATION OF 47 U.S.C. § 227(c)(5) AND 47 C.F.R. § 64.1200(c)(2)**<br>**(3) VIOLATION OF 47 U.S.C. § 227(c)(5) AND 47 C.F.R. § 64.1200(d)**<br><br>UNLIMITED CIVIL CASE<br>(Amount demanded exceeds $35,000)<br><br>DEMAND FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF<br><br>Complaint filed: September 10, 2026<br>First Amended Complaint filed: September 14, 2026<br>Filed pursuant to stipulation and order<br>CMC: February 11, 2027, 9:00 AM, Dept. C10 |

Plaintiff TIMOTHY RATCLIFF, appearing in propria persona, files this Second Amended Complaint pursuant to the stipulation of the parties and the order of this Court, and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action under the Telephone Consumer Protection Act, 47 U.S.C. section 227 ("TCPA"), for forty-eight artificial or prerecorded voice telemarketing calls that Defendant BETTER RISE CAPITAL LLC placed, or caused to be placed, to Plaintiff's personal cellular telephone between September 1 and September 21, 2026. Plaintiff never asked Defendant for financing, never gave Defendant his number, and never consented to be called. His number has been on the National

Do Not Call Registry since August 5, 2020. Forty-four of the calls came after Plaintiff told Defendant in writing to stop. Ten came after Defendant was served with this lawsuit. The last came about an hour after Defendant's counsel telephoned Plaintiff to discuss settlement.

2. Congress enacted the TCPA to protect consumers from exactly this conduct: automated calls to cell phones without consent, and telemarketing calls to numbers whose owners have asked not to be called. The statute gives the consumer a private right of action for $500 per violation, trebled to $1,500 where the violation is willful or knowing. 47 U.S.C. section 227(b)(3), (c)(5).

**PARTIES**

3. Plaintiff Timothy Ratcliff ("Plaintiff") is a natural person residing in Los Angeles County, California. At all relevant times Plaintiff was the subscriber to and customary user of the cellular telephone number (213) 866-2442 (the "Cell Number").

4. The Cell Number is a residential telephone line. Plaintiff has paid for it personally, from his own funds, since he acquired it. He maintains it for personal use: family, friends, his children, and emergencies. He has never advertised it as a business number, has never held it out as a business number, and has never listed it as a business contact. When Plaintiff operated a business in the past, that business had its own separate telephone number, and Plaintiff listed the Cell Number on business paperwork only as his personal cell phone. Plaintiff currently has no operating business; the venture he is preparing has a separate business telephone number. Plaintiff registered the Cell Number on the National Do Not Call Registry on August 5, 2020, and it has remained registered without interruption since that date.

5. Defendant BETTER RISE CAPITAL LLC ("Defendant" or "Better Rise") is a California limited liability company, Secretary of State entity number 202565517406, formed on January 29, 2025, with its principal office at 2525 Main Street, Suite 410, Irvine, California 92614, and its registered agent for service of process, Nima Asadi, Esq., at 19200 Von Karman Avenue, Suite 600, Irvine, California 92612. Defendant does business under the names "Ryze Funding" (also spelled "Ryse Funding") and "BRC Capital." Defendant markets business and personal financing to consumers by telephone. Its Statement of Information filed July 16, 2025 identifies Mohammad

Ghafarinia as its manager; an amendment filed July 21, 2026 identifies multiple managers, including Matt Nia.

6. Plaintiff is ignorant of the true names and capacities of the defendants sued as DOES 1 through 10, inclusive, and therefore sues them by fictitious names. Plaintiff is informed and believes that each Doe defendant participated in placing the calls described below, including any vendor that operated the dialing platform used to place them, any person who supplied Plaintiff's number, and any manager or member of Defendant who authorized or directed the calling campaign. Plaintiff will amend this complaint to state their true names when ascertained. Each Doe defendant is responsible in some manner for the conduct alleged, and each acted as the agent of the others.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction. State courts have concurrent jurisdiction over private actions under the TCPA. Mims v. Arrow Financial Services, LLC (2012) 565 U.S. 368. The amount demanded exceeds $35,000, and this is an unlimited civil case.

8. This Court has personal jurisdiction over Defendant, a California limited liability company with its principal office in Orange County. Venue is proper in this County under Code of Civil Procedure section 395 because Defendant resides here.

## FACTUAL ALLEGATIONS

### A. The forty-eight calls

9. Between September 1 and September 21, 2026, Defendant placed, or caused to be placed, at least forty-eight telephone calls to the Cell Number. Each call is identified by number, date, time, caller identification displayed, the name spoken in the message, and the callback number stated in the message, in Exhibit A to this complaint, which is incorporated by reference. Plaintiff refers to each call by its number in Exhibit A (for example, "Call 5").

10. Each of the forty-eight calls delivered a message using an artificial or prerecorded voice. Plaintiff knows this because, among other things: (a) each message was left as a voicemail with no live person on the line; (b) the same message was delivered word for word, from different caller

identification numbers, on different days (for example, Calls 33 and 35, two hours and one minute apart from caller identification numbers in California and Connecticut, delivered a transcript identical to the word); (c) the messages instructed Plaintiff to "press 2" to be connected, which is an interactive-voice-response feature of a voice-broadcasting system; (d) the messages used the same recorded personas, "Thomas," "Emmy Schwartz," "Katie Lee," "Jeremy Austin," "Alvin Douglas," "Maria Waters," "Blake Armstrong," "Kiana Connor," and "Kayla," across dozens of calls from dozens of numbers; and (e) on September 3, 2026 (Call 5), the prerecorded message ran its course and then rolled to a live representative, which is how a "press 2" transfer system operates.

11. Each message was a telephone solicitation: it offered Plaintiff a business or personal loan, line of credit, or "pre-approval," typically for a specific amount (for example, "$32,000," "$45,000," "$55,000," "$280,000," "$350,000"), and directed Plaintiff to press a key or call a toll-free number to proceed. Each message falsely stated or implied that Plaintiff had submitted a financing request. Plaintiff had not.

12. None of the forty-eight messages stated the name of the business on whose behalf the call was made, as 47 C.F.R. section 64.1200(b)(1) requires. Each message gave only a first name or a first and last name and a toll-free callback number. The forty-eight calls displayed forty-eight different caller identification numbers, most of them Canadian area codes or United States area codes with no connection to Defendant, none of which was a number assigned to Defendant.

**B. Defendant placed the calls**

13. Defendant made the calls. Plaintiff alleges the following facts establishing that the calls were placed by Defendant, through its own dialing equipment or through a dialing vendor operating on Defendant's behalf and at its direction.

14. The callback numbers. The forty-eight messages directed Plaintiff to thirty different toll-free callback numbers, listed in Exhibit A. Records of the toll-free number registry maintained by Somos, Inc. show that all thirty numbers are assigned to a single customer account at Excel Telecommunications (responsible-organization codes TUI02 and TUI05); that all thirty were transferred to that account on March 4, 2026 between 4:37 PM and 5:01 PM Eastern time, in blocks,

many within seconds of one another; and that all thirty were acquired from the toll-free spare pool through Intrado Communications on January 15 and March 4, 2026. Thirty of thirty callback numbers stated in the calls trace to that one account. Toll-free numbers do not migrate together by coincidence; a responsible organization moves a customer's numbers together on the customer's order. The thirty numbers are one operation's numbers.

15. The callback numbers ring to Defendant. On September 2, 2026, Plaintiff dialed 844-502-3221, the callback number stated in Call 3, announced that he was recording the call, and asked what company he had reached. Defendant's representative identified the company as Better Rise Capital. Plaintiff has the recording.

16. Defendant's own email followed the call. At 4:32 PM on September 2, 2026, within hours of Plaintiff's call to the callback number, Plaintiff received an email from marco@ryzefunding.com with the subject line "Better Rise Capital Account Verification Form." The email was generated from Defendant's Salesforce customer-relationship-management account (its images and links are served from betterrisecapital.my.salesforce.com) and linked to an application form hosted on Defendant's FormTitan account (betterrisecapital.formtitan.com). Defendant thus had Plaintiff's name and number in its own sales system on the day of Call 3 and acted on the callback by soliciting an application.

17. Defendant's employee took the transfer. On September 3, 2026 (Call 5), the prerecorded "Emmy Schwartz" message ended and the call was transferred to a live representative, who identified the company as Ryze Funding and transferred Plaintiff to a man who introduced himself as "Zack, funding advisor, BRC Capital, Better Rise Capital." Ryze Funding and BRC Capital are Defendant's trade names. The live agent who takes a "press 2" transfer from a prerecorded message is, by design, the employee of the business the message is selling for.

18. Defendant blocked Plaintiff's number while continuing to call it. On September 5, 2026, Plaintiff dialed 855-357-2026, the callback number stated in Calls 12 and 13, from the Cell Number and received a message that the number was not in service. Two minutes later Plaintiff dialed the same number from a different telephone number belonging to him and reached Defendant's after-

hours greeting. Both attempts are screen-recorded. Defendant had entered the Cell Number in its systems specifically to prevent it from reaching Defendant's lines, while Defendant's dialer continued to call it: nine more calls followed on September 8 and 9 alone.

19. Defendant's agents would not name the company. On September 21, 2026, Plaintiff twice dialed callback numbers stated in that day's messages and reached an interactive voice system stating that calls were recorded, then live agents ("Kate" of the "Business Loan Division" and "Melissa"). Asked directly and repeatedly which company they worked for, both refused to say. A lawful telemarketer identifies itself; one that has been told to stop calling and has been sued does not.

20. On the basis of the foregoing, Plaintiff alleges that Defendant, acting through its managers, employees, and any dialing vendor it engaged, physically placed the forty-eight calls or caused them to be placed, using Defendant's callback numbers, Defendant's scripts, and Defendant's sales staff, for the purpose of generating financing applicants for Defendant.

**C. Alternatively, the calls were placed by Defendant's agent and Defendant is vicariously liable**

21. In the alternative, if a third-party dialing vendor physically placed any of the calls, that vendor did so as Defendant's agent, and Defendant is liable for the calls under ordinary principles of agency: actual authority, apparent authority, and ratification. See Jones v. Royal Administration Services, Inc. (9th Cir. 2017) 866 F.3d 1100; Restatement (Third) of Agency, sections 2.01, 2.03, 4.01.

22. Actual authority. Defendant engaged the vendor to market Defendant's financing products to consumers by telephone. Defendant supplied, approved, or controlled the callback numbers, which are routed to Defendant's own representatives; the scripts, which promote Defendant's products; and the leads, which are delivered to Defendant's sales staff. The vendor placed the calls within the scope of that engagement and at Defendant's direction. Defendant retained the right to stop the calls and, after Plaintiff's written notices and this lawsuit, chose not to exercise it.

23. Apparent authority. Defendant's own employees answered the callback numbers stated in the messages and identified the company as Better Rise Capital, Ryze Funding, and BRC Capital, and Defendant's own systems generated the account-verification email to Plaintiff. Defendant thereby held out the callers as acting for Defendant, and Plaintiff reasonably understood them to be.

24. Ratification. Defendant knew of the calls no later than September 2, 2026, when Plaintiff's written notice described them and identified the callback numbers, and again on September 8, when hard copies were signed for at Defendant's principal office and at its registered agent's office, and again on September 18, when Defendant was served with this action. Defendant accepted the benefits of the calls, including the transfer of Plaintiff to its funding advisor and the solicitation of an application from him, and continued to accept leads generated by the same campaign, while the calls to Plaintiff continued. Defendant thereby ratified the calls.

**D. Plaintiff's written revocation and demand, and Defendant's continued calling**

25. On September 2, 2026, after Call 3, Plaintiff sent an email to marco@ryzefunding.com, the address from which Defendant had written to him that day, stating that he had never consented to be called, that he revoked any consent Defendant might claim, that his number was on the National Do Not Call Registry, and that all calls to the Cell Number must stop. The email identified the calls and callback numbers received to that point.

26. On September 3, 2026, after Call 5 and again after Call 6, Plaintiff sent two further written notices to the same address, repeating the revocation and demand and stating that he would file suit if the calls continued.

27. On September 4, 2026, Plaintiff mailed printed copies of all three notices by United States Postal Service Priority Mail to Defendant's principal office and to its registered agent. Postal Service records show both mailings delivered and signed for on September 8, 2026, at Defendant's principal office at 11:06 AM (signed "M. Trjo") and at the registered agent's office at 12:46 PM (signed "K. Kimia").

28. Defendant placed forty-four calls to the Cell Number after receiving the September 2 revocation (Calls 5 through 48), thirty-five of them after the printed notices were signed for on

September 8 (Calls 14 through 48), and ten of them after Defendant was served with the summons and First Amended Complaint on September 18, 2026 (Calls 39 through 48). Call 48 was placed at 3:06 PM on September 21, 2026, approximately seventy-five minutes after Defendant's counsel telephoned Plaintiff to discuss settlement of this action.

29. The calls did not stop when Plaintiff objected. They changed. After the notices, Defendant rotated in new recorded personas ("Jeremy Austin," "Alvin Douglas," "Maria Waters," "Blake Armstrong," "Kiana Connor," "Kayla") and new callback numbers, and continued.

**E. No consent, no relationship, no exemption**

30. Plaintiff never provided the Cell Number to Defendant, never requested financing from Defendant or from anyone, never visited Defendant's website, never submitted any form to Defendant, and never gave Defendant prior express consent, written or otherwise, to call the Cell Number. Plaintiff has never had a business relationship of any kind with Defendant. Plaintiff never made an inquiry to Defendant before Defendant's calls began.

31. The calls were not made for emergency purposes, were not made by or on behalf of a tax-exempt nonprofit organization, and did not fall within any exemption to 47 U.S.C. section 227(b) or (c).

**F. Defendant's do-not-call procedures**

32. Plaintiff is informed and believes, and on that basis alleges, that at the time of the calls Defendant did not maintain a written policy for maintaining a do-not-call list, did not train the personnel engaged in the calling campaign in the existence and use of such a list, did not record Plaintiff's do-not-call request or honor it within a reasonable time, and did not access the National Do Not Call Registry to remove registered numbers from its calling lists. The basis for this belief is that Defendant continued to call Plaintiff forty-four times after a written do-not-call request, thirty-five times after that request was signed for at its offices, and ten times after being sued for it; that none of the forty-eight messages identified the calling business as the regulations require; and that the calls used caller identification numbers not assigned to Defendant.

**G. Willfulness**

33. Defendant's violations were willful and knowing. Defendant knew it was placing prerecorded calls to the Cell Number; that is what its dialing system was set up to do. Defendant knew, from September 2, 2026 forward, that Plaintiff had not consented and had demanded that the calls stop; Plaintiff told Defendant so in writing four times, and Defendant's own staff dealt with Plaintiff on the callback lines. Defendant knew, from September 18, 2026 forward, that it had been sued for the calls. Defendant blocked Plaintiff's number from reaching its lines, which required a deliberate act by someone at Defendant who knew whose number it was, while the calls to that number continued. Every call after September 2 was placed with knowledge that Plaintiff had revoked consent; every call after September 18 was placed with the lawsuit in hand.

34. Plaintiff has suffered concrete harm from the calls: the intrusion into his privacy and seclusion, the repeated interruption of his day, the occupation of his telephone and voicemail, the time spent listening to, documenting, and attempting to stop the calls, and the aggravation of being telephoned, over and over, by a company he had told in writing to leave him alone.

**FIRST CAUSE OF ACTION**

**Violation of 47 U.S.C. section 227(b)(1)(A)(iii): artificial or prerecorded voice calls to a cellular telephone number without prior express consent**

*(Against all Defendants; Calls 1 through 48)*

35. Plaintiff realleges and incorporates paragraphs 1 through 34.

36. 47 U.S.C. section 227(b)(1)(A)(iii) makes it unlawful to make any call, other than a call made for emergency purposes or with the prior express consent of the called party, using an artificial or prerecorded voice, to any telephone number assigned to a cellular telephone service.

37. Each of Calls 1 through 48, identified in Exhibit A, was a call made to the Cell Number, a number assigned to a cellular telephone service, using an artificial or prerecorded voice, without Plaintiff's prior express consent and not for emergency purposes. Each was made by Defendant or by a person acting as Defendant's agent within the scope of the agency, and Defendant is liable for each under paragraphs 13 through 24 above.

38. Under 47 U.S.C. section 227(b)(3), Plaintiff is entitled to recover $500 for each of the forty-eight violations, $24,000, and, because Defendant's violations were willful and knowing, to have that amount trebled to $1,500 per violation, $72,000, together with $500 to $1,500 for each additional violation occurring after the date of this complaint and proven at trial.

39. Plaintiff is further entitled to an injunction under 47 U.S.C. section 227(b)(3)(A) prohibiting Defendant, and any person acting on its behalf, from placing calls using an artificial or prerecorded voice to the Cell Number or to any other telephone number belonging to Plaintiff.

## SECOND CAUSE OF ACTION

**Violation of 47 U.S.C. section 227(c)(5) and 47 C.F.R. section 64.1200(c)(2): telephone solicitations to a residential telephone subscriber registered on the National Do Not Call Registry**

*(Against all Defendants; Calls 1 through 48)*

40. Plaintiff realleges and incorporates paragraphs 1 through 34.

41. 47 C.F.R. section 64.1200(c)(2), promulgated under 47 U.S.C. section 227(c), prohibits any person or entity from initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do Not Call Registry. Section 64.1200(e) applies that prohibition to calls to wireless telephone numbers. 47 U.S.C. section 227(c)(5) gives a person who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the regulations a private right of action.

42. Plaintiff is a residential telephone subscriber for the reasons alleged in paragraph 4. The Cell Number has been registered on the National Do Not Call Registry since August 5, 2020, more than thirty-one days before the first call. Each of Calls 1 through 48 was a telephone solicitation, initiated by or on behalf of Defendant, to the Cell Number, within a single twelve-month period, and each therefore violated section 64.1200(c)(2). Plaintiff did not give Defendant prior express invitation or permission, and had no established business relationship with Defendant.

43. Defendant cannot establish the safe harbor of section 64.1200(c)(2)(i). The calls were not the result of error; they were the routine output of Defendant's campaign, and they continued

after Plaintiff's written objections and after service of this action. Plaintiff is informed and believes that Defendant had no written procedures for complying with the do-not-call rules, provided no training, maintained no compliant internal list, and did not obtain or use the National Registry.

44. Under 47 U.S.C. section 227(c)(5), Plaintiff is entitled to recover $500 for each of the forty-eight violations, $24,000, trebled to $1,500 per violation, $72,000, because Defendant's violations were willful and knowing, together with $500 to $1,500 for each additional violation occurring after the date of this complaint and proven at trial.

45. Plaintiff is further entitled to an injunction under 47 U.S.C. section 227(c)(5)(A) prohibiting Defendant, and any person acting on its behalf, from initiating any telephone solicitation to the Cell Number or to any other telephone number belonging to Plaintiff.

**THIRD CAUSE OF ACTION**

**Violation of 47 U.S.C. section 227(c)(5) and 47 C.F.R. section 64.1200(d): telephone solicitations without the required do-not-call procedures, and after a do-not-call request**

*(Against all Defendants; Calls 5 through 48)*

46. Plaintiff realleges and incorporates paragraphs 1 through 34.

47. 47 C.F.R. section 64.1200(d), promulgated under 47 U.S.C. section 227(c), prohibits any person or entity from initiating any call for telemarketing purposes to a residential telephone subscriber unless it has instituted procedures for maintaining a list of persons who request not to receive such calls, meeting the minimum standards of section 64.1200(d)(1) through (7): a written policy available on demand; training of personnel; recording of do-not-call requests and honoring them within a reasonable time not to exceed ten business days; identification of the caller by the name of the individual, the name of the person or entity on whose behalf the call is made, and a telephone number or address; and maintenance of the list. Section 64.1200(e) applies these requirements to calls to wireless numbers.

48. Plaintiff made a do-not-call request to Defendant in writing on September 2, 2026, repeated it on September 3, 2026, and delivered it in hard copy on September 8, 2026. Each of Calls 5 through 48 was a call for telemarketing purposes, initiated by or on behalf of Defendant, to the

Cell Number, after that request. None of the calls identified the entity on whose behalf it was made. Defendant did not honor Plaintiff's request within ten business days or at all. Plaintiff is informed and believes that Defendant had no written do-not-call policy, no training, and no compliant internal list at the time of the calls. Each of Calls 5 through 48 therefore violated section 64.1200(d).

49. Under 47 U.S.C. section 227(c)(5), Plaintiff is entitled to recover $500 for each of the forty-four violations, $22,000, trebled to $1,500 per violation, $66,000, because Defendant's violations were willful and knowing, together with like damages for each additional violation occurring after the date of this complaint and proven at trial. Plaintiff seeks a single recovery under section 227(c)(5) for each call that violated both section 64.1200(c)(2) and section 64.1200(d), and pleads the Second and Third Causes of Action in the alternative as to any call for which the Court finds only one of those regulations was violated.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant Better Rise Capital LLC and Does 1 through 10 as follows:

1. On the First Cause of Action, statutory damages of $500 for each of the forty-eight violations of 47 U.S.C. section 227(b), trebled to $1,500 per violation for willful and knowing violations, in the amount of $72,000, plus $1,500 for each additional violation proven at trial;

2. On the Second and Third Causes of Action, statutory damages of $500 for each of the forty-eight violations of 47 U.S.C. section 227(c) and its implementing regulations, trebled to $1,500 per violation for willful and knowing violations, in the amount of $72,000, plus $1,500 for each additional violation proven at trial;

3. A permanent injunction prohibiting Defendant, its managers, members, employees, agents, vendors, and all persons acting in concert with it, from calling the Cell Number, (818) 355-7546, or any other telephone number belonging to Plaintiff, using an artificial or prerecorded voice or for any telemarketing purpose;

4. Costs of suit;

5. Post-judgment interest as allowed by law; and

6. Such other relief as the Court deems just.

Total amount demanded: $144,000, plus $3,000 for each additional call after September 21, 2026 proven at trial, plus injunctive relief and costs.

Dated: September 29, 2026

TIMOTHY RATCLIFF
Plaintiff, In Propria Persona

**EXHIBIT A**

The forty-eight calls to (213) 866-2442, September 1 through September 21, 2026

| No. | Date | Time (PT) | Caller ID shown | Name spoken in message | Callback number | After 9/2 revocation |
|---|---|---|---|---|---|---|
| 1 | 9/1/2026 | 2:52 PM | 204-850-6383 | Thomas | 888-912-0671 | No |
| 2 | 9/1/2026 | 4:15 PM | 551-455-7610 | Thomas | 888-912-0671 | No |
| 3 | 9/2/2026 | 10:56 AM | 514-531-9924 | Emmy Schwartz | 844-502-3221 | No |
| 4 | 9/2/2026 | 3:51 PM | 318-643-9352 | Katie Lee | 844-502-3253 | No |
| 5 | 9/3/2026 | 9:32 AM | 270-453-9414 | Emmy Schwartz | 888-912-2116 | Yes |
| 6 | 9/3/2026 | 10:11 AM | 607-575-8752 | Katie Lee | 888-912-0705 | Yes |
| 7 | 9/3/2026 | 5:11 PM | 437-203-1517 | Katie Lee (long) | 888-912-0705 | Yes |
| 8 | 9/4/2026 | 12:48 PM | 289-513-8566 | Emmy Schwartz | 877-961-0591 | Yes |
| 9 | 9/4/2026 | 2:46 PM | 240-918-5598 | Katie Lee | 888-310-2379 | Yes |
| 10 | 9/4/2026 | 4:00 PM | 306-791-4455 | Katie Lee | 888-310-2379 | Yes |
| 11 | 9/4/2026 | 4:55 PM | 250-919-8039 | no name given | 888-905-1759 | Yes |
| 12 | 9/5/2026 | 10:35 AM | 224-307-1003 | Katie Lee (long) | 855-357-2026 | Yes |
| 13 | 9/5/2026 | 11:58 AM | 587-925-8412 | Katie Lee (long) | 855-357-2026 | Yes |
| 14 | 9/8/2026 | 1:45 PM | 786-891-7159 | Thomas | 833-662-5743 | Yes |
| 15 | 9/8/2026 | 4:01 PM | 778-384-4066 | Thomas | 833-662-5743 | Yes |
| 16 | 9/8/2026 | 4:31 PM | 506-979-8966 | Thomas | 833-662-5743 | Yes |
| 17 | 9/9/2026 | 1:03 PM | 604-585-8305 | Jeremy Austin | 833-684-4339 | Yes |
| 18 | 9/9/2026 | 2:24 PM | 647-812-4318 | Alvin Douglas | 844-502-3058 | Yes |
| 19 | 9/9/2026 | 2:40 PM | 902-394-9908 | Alvin Douglas | 844-502-3058 | Yes |
| 20 | 9/9/2026 | 4:43 PM | 587-202-3475 | Alvin Douglas | 844-502-3058 | Yes |
| 21 | 9/9/2026 | 5:44 PM | 540-452-5286 | Alvin Douglas | 844-502-3058 | Yes |
| 22 | 9/10/2026 | 12:31 PM | 289-256-5752 | Maria Waters | 866-771-1965 | Yes |
| 23 | 9/10/2026 | 1:15 PM | 959-233-7848 | Alvin Douglas | 855-357-2212 | Yes |
| 24 | 9/10/2026 | 3:21 PM | 970-822-1385 | Alvin Douglas | 855-357-2212 | Yes |
| 25 | 9/10/2026 | 4:19 PM | 458-244-4723 | Alvin Douglas | 855-357-2212 | Yes |
| 26 | 9/11/2026 | 11:24 AM | 902-854-4525 | Maria Waters | 888-269-1593 | Yes |
| 27 | 9/11/2026 | 3:55 PM | 705-569-7868 | Alvin Douglas | 844-515-1054 | Yes |
| 28 | 9/11/2026 | 4:36 PM | 204-850-0329 | Alvin Douglas | 844-515-1054 | Yes |
| 29 | 9/12/2026 | 12:22 PM | 573-266-7799 | Alvin Douglas | 877-578-2137 | Yes |
| 30 | 9/14/2026 | 11:54 AM | 610-810-5346 | Alvin Douglas | 833-684-5586 | Yes |
| 31 | 9/14/2026 | 12:41 PM | 873-394-8713 | Maria Waters | 866-771-6752 | Yes |
| 32 | 9/14/2026 | 5:35 PM | 403-966-0237 | no name given | 877-961-0592 | Yes |
| 33 | 9/15/2026 | 2:37 PM | 209-626-2852 | Blake Armstrong | 888-905-1588 | Yes |
| 34 | 9/15/2026 | 3:03 PM | 856-799-7434 | Kiana Connor | 833-662-5730 | Yes |
| 35 | 9/15/2026 | 4:38 PM | 860-864-3213 | Blake Armstrong | 888-905-1588 | Yes |
| 36 | 9/16/2026 | 2:51 PM | 656-222-5354 | Blake Armstrong | 877-957-2897 | Yes |
| 37 | 9/16/2026 | 3:37 PM | 909-751-2579 | Blake Armstrong | 877-957-2897 | Yes |
| 38 | 9/16/2026 | 4:04 PM | 440-514-5298 | Blake Armstrong | 877-957-2897 | Yes |

| No. | Date | Time (PT) | Caller ID shown | Name spoken in message | Callback number | After 9/2 revocation |
|---|---|---|---|---|---|---|
| 39 | 9/17/2026 | 11:28 AM | 872-281-9059 | Blake Armstrong | 877-957-2897 | Yes |
| 40 | 9/17/2026 | 2:43 PM | 270-396-8909 | Kiana Connor | 866-771-5801 | Yes |
| 41 | 9/17/2026 | 2:52 PM | 908-613-1035 | Blake Armstrong | 877-578-1859 | Yes |
| 42 | 9/17/2026 | 4:08 PM | 948-900-6191 | Blake Armstrong | 877-957-2897 | Yes |
| 43 | 9/18/2026 | 12:56 PM | 573-661-6509 | Blake Armstrong | 855-580-2692 | Yes |
| 44 | 9/18/2026 | 4:29 PM | 640-356-7166 | no name given | 855-580-2692 | Yes |
| 45 | 9/19/2026 | 11:25 AM | 520-530-5418 | no name given | 866-771-4991 | Yes |
| 46 | 9/19/2026 | 1:49 PM | 432-356-7254 | Blake Armstrong | 866-771-6389 | Yes |
| 47 | 9/21/2026 | 10:33 AM | 856-402-1796 | Kiana Connor | 855-580-2407 | Yes |
| 48 | 9/21/2026 | 3:06 PM | 719-403-1345 | Kayla, senior loan specialist | 877-961-0349 | Yes |

All times Pacific. Each call delivered an artificial or prerecorded voice message. "Callback number" is the toll-free number the message directed Plaintiff to call. Plaintiff has an audio recording and a screenshot of each call.

# EXHIBIT F

Case Summary:

| | |
|---|---|
| Case Id: | 30-2026-01596503-CU-NP-CJC |
| Case Title: | TIMOTHY RATCLIFF VS. BETTER RISE CAPITAL LLC |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 09/10/2026 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 31918328 RECEIVED ON 09/10/2026 10:45:02 AM. | 09/10/2026 | | *NV* | |
| 2 | COMPLAINT FILED BY RATCLIFF, TIMOTHY ON 09/10/2026 | 09/10/2026 | | 13 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY RATCLIFF, TIMOTHY ON 09/10/2026 | 09/10/2026 | | 3 pages | ☐ |
| 4 | SUMMONS ISSUED AND FILED FILED BY RATCLIFF, TIMOTHY ON 09/10/2026 | 09/10/2026 | | 1 pages | ☐ |
| 5 | REQUEST TO WAIVE COURT FEES FILED BY RATCLIFF, TIMOTHY ON 09/10/2026 | 09/10/2026 | | *NA* | |
| 6 | ORDER ON COURT FEE WAIVER (SUPERIOR COURT) FILED BY SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE ON 09/10/2026 | 09/10/2026 | | 3 pages | ☐ |
| 7 | CASE ASSIGNED TO JUDICIAL OFFICER NELSON, SHAWN ON 09/10/2026. | 09/10/2026 | | *NV* | |
| 8 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 02/11/2027 AT 09:00:00 AM IN C10 AT CENTRAL JUSTICE CENTER. | 09/10/2026 | | 2 pages | ☐ |
| 9 | NOTICE OF HEARING OC | 09/10/2026 | | 3 pages | ☐ |
| 10 | RATCLIFF, TIMOTHY REQUEST TO WAIVE COURT FEES GRANTED IN WHOLE ON 09/10/2026. | 09/10/2026 | | *NV* | |
| 11 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 09/11/2026 | | 5 pages | ☐ |
| 12 | E-FILING TRANSACTION 42098994 RECEIVED ON 09/14/2026 03:07:43 PM. | 09/15/2026 | | *NV* | |
| 13 | AMENDED COMPLAINT (FIRST AMENDED COMPLAINT) FILED BY RATCLIFF, TIMOTHY ON 09/14/2026 | 09/14/2026 | | 17 pages | ☐ |
| 14 | E-FILING TRANSACTION 21921273 RECEIVED ON 09/18/2026 08:16:46 PM. | 09/18/2026 | | *NV* | |
| 15 | PROOF OF SERVICE OF SUMMONS FILED BY RATCLIFF, TIMOTHY ON 09/18/2026 | 09/18/2026 | | 3 pages | ☑ |
| 16 | E-FILING TRANSACTION 21918692 RECEIVED ON 09/15/2026 05:02:35 PM. | 10/02/2026 | | *NV* | |
| 17 | NOTICE OF CHANGE OF ADDRESS AND/OR TELEPHONE FILED BY RATCLIFF, TIMOTHY ON 09/15/2026 | 09/15/2026 | | 2 pages | ☑ |
| 18 | PROPOSED STIPULATION AND ORDER RECEIVED ON 10/06/2026 | 10/06/2026 | | 4 pages | ☐ |
| 19 | E-FILING TRANSACTION 31933257 RECEIVED ON 10/06/2026 03:36:50 PM. | 10/06/2026 | | *NV* | |
| 20 | NOTICE OF LODGING FILED BY RATCLIFF, TIMOTHY ON 10/06/2026 | 10/06/2026 | | 15 pages | ☐ |
| 21 | E-FILING TRANSACTION 31933258 RECEIVED ON 10/06/2026 03:36:52 PM. | 10/07/2026 | | *NV* | |
| 22 | STIPULATION AND ORDER FILED BY RATCLIFF, TIMOTHY ON 10/07/2026 | 10/07/2026 | | 20 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| TIMOTHY RATCLIFF | PLAINTIFF | | 09/10/2026 | |
| BETTER RISE CAPITAL LLC | DEFENDANT | | 09/10/2026 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 02/11/2027 | 09:00 | C10 | NELSON |

Print this page